UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

KACEY FROST,

    Plaintiff,

v.

FQSR, LLC d/b/a
KBP FOODS, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KACEY FROST ("Ms. Frost" or "Plaintiff") files this Complaint against Defendant, FQSR, LLC d/b/a KBP FOODS, LLC ("KBP" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Orange County, Florida, and this venue is therefore proper.

7. Defendant does substantial business in Orange County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

11. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

## CONDITIONS PRECEDENT

12. On or around May 22, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On September 28, 2020, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Ms. Frost worked as a Restaurant Manager at KBP's KFC location in Titusville, Florida, from March 31, 2016, until her termination on December 10, 2019.

18. In early November of 2019, Ms. Frost suffered an injury to her back while working at KBP, resulting in a disabling serious health condition, lumbar strain.

19. Ms. Frost reported her disabling serious health condition to KBP Area Coach, Bill Griffith ("Mr. Griffith").

20. At this time, KBP should have advised Ms. Frost of her rights and obligations under the FMLA, and provide Ms. Frost with FMLA forms.

21. KBP failed to do so.

22. This, itself, is a violation of the FMLA.

23. Ms. Frost also attempted to engage Mr. Griffith in a conversation about potential reasonable accommodations for her condition, but Mr. Griffith declined to discuss that matter with her.

24. Instead, Ms. Frost took one day off to recuperate, but dragged herself back into work the next day as she did not have all the shifts covered.

25. Instead of submitting FMLA certification forms, Ms. Frost provided Mr. Griffith a doctor's note to substantiate her disabling serious health condition.

26. On or about November 30, 2019, as a result of Ms. Frost injured her elbow and shoulder while at home, resulting in another disabling, serious health condition, a compound arm sprain.

27. Ms. Frost informed Mr. Griffith of her condition, and again attempted to discuss potential reasonable accommodation for her condition with him, but Mr. Griffith again declined to discuss this matter with her.

28. KBP again failed to inform Ms. Frost of her rights and responsibilities under the FMLA.

29. Ms. Frost's lumbar sprain and subsequent elbow injury substantially limited her major life functions, specifically, performing manual tasks, walking, lifting, bending, and standing, and as a result are protected under the ADA and the FCRA.

30. Ms. Frost had to miss approximately one (1) week of work to treat and address her disabling serious health condition, and upon her return to work, provided a doctor's note to KBP to address her absence.

31. Two days later, on December 10, 2019, KBP terminated Ms. Frost's employment.

32. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

33. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

34. Ms. Frost is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as Manager.

35. Allowing Ms. Frost to utilize a brief period of unpaid leave to undergo her procedures without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

36. In reality, Defendant's termination of Ms. Rodriguez stemmed from its discriminatory animus toward her very recent use of leave, which should have been protected FMLA leave, and her need for accommodation under the ADA/FCRA.

37. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

38. The timing of Plaintiff's termination makes the causal connection between her attempted use of FMLA leave, her request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

39. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

40. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

41. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

42. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

43. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Rodriguez based solely upon her disability.

44. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

45. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

46. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

47. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

48. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

49. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

50. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

51. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

52. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

53. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

54. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Frost notifying KBP of her serious health condition, and in retaliation for Ms. Frost utilizing and/or attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

55. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

56. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

57. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

58. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use and/or attempted utilization of what should have been protected FMLA leave.

59. Defendant did not have a good faith basis for its actions.

60. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

61. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

62. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

63. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

64. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 5 through 9, 17 through 32, 36, 38, 51 through 63, above.

65. At all times relevant hereto, Plaintiff was protected by the FMLA.

66. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide her FMLA paperwork or advise her of her rights and obligations under the FMLA in response to her disclosure of her serious health condition.

67. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

68. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

69. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

70. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 5 through 9, 17 through 32, 36, 38, 51 through 63, above.

71. At all times relevant hereto, Plaintiff was protected by the FMLA.

72. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use or attempted use of FMLA-protected leave.

73. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

74. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

75. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

76. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

77. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 5 through 7, 10 through 19, 23 through 27, 29 through 50, 55, 59 through 63, above.

78. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

79. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

80. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

81. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

82. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

83. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

84. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 10 through 19, 23 through 27, 29 through 50, 55, 59 through 63, above.

85. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

86. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

87. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

88. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

89. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

90. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

91. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 5 through 7, 10 through 19, 23 through 27, 29 through 50, 55, 59 through 63, above.

92. Plaintiff was terminated within close temporal proximity of her objection to Defendant that she felt she was being discriminated against based on her disability.

93. Plaintiff's objections constituted protected activity under the ADA.

94. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

95. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

96. Defendant's stated reasons for Plaintiff's termination are a pretext.

97. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

98. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

99. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

100. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT VI
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

101. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 10 through 19, 23 through 27, 29 through 50, 55, 59 through 63, above.

102. Plaintiff was terminated within close temporal proximity of her objection to Defendant that she felt he was being discriminated against based on her disability.

103. Plaintiff's objections constituted protected activity under the FCRA.

104. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

105. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

106. Defendant's stated reasons for Plaintiff's termination are a pretext.

107. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

108. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

109. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

110. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 17th day of November, 2020.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com